**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMON WHALES,**<br><br>**Defendant.** | **Case No. 3:24-CR-30009-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Early Termination of Supervised Release filed by Defendant Jamon Whales (Doc. 60). Whales seeks the early termination of a 36-month term of supervised release. He has served nearly two years of his 36-month term. The United States Probation Office supports the request for early termination, but the Government opposes the Motion.

18 U.S.C. § 3583(e)(1) provides that "the court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The 2025 Sentencing Guideline Amendments further encourage courts to weigh the defendant's "appropriate prosocial activities," his substantial compliance with supervision, and any risk that terminating

supervised release would pose to public safety.[1]

Whales currently lives in Belleville, Illinois, with his fiancée. (Doc. 60 at p. 3). He has been serving in a home healthcare capacity caring for his fiancée who suffers from multiple sclerosis; he earns $19.75/hour in this role. (*Id.*). He has served approximately 22 months of his term of supervised release. (*See* Doc. 62 at p. 1). Because Whales has not had any violations in the last twelve months, Probation has stated that they would be in favor of early termination. (Doc. 63 at p. 1).

Whales does not contest that for a period of three months between June and September 2025, he committed minor traffic and marijuana-related infractions. (Doc. 60 at p. 3). Since September 2025, however, he has not had any violations. (Doc. 66 at p. 2). And he has successfully completed an outpatient drug treatment program. (Doc. 60 at pp. 3–4). With no financial payments due, stable housing and employment, and a clean record for twelve months, Whales has demonstrated he is a fit candidate for the termination of his supervised release.

The Court is not persuaded by the Government's opposition. When citing to Whales's criminal history, it fails to mention that his "armed robbery conviction" took place when Whales was a juvenile. (Doc. 65 at p. 2). Next, the second of the Government's two enumerated reasons for opposing Whales's Motion is that the "Defendant Already Received a Significant Downward Variance." (*Id.*). While conceding that this does not prevent the Court from considering the present motion, the Government argues it is

---

[1] U.S.S.G. App. C, Amend. §5D1.1 (U.S. SENT'G COMM'N 2025).

"important context." (*Id.*).

Any leniency received at sentencing is unimportant now, and the Government falls short of demonstrating its relevance. In determining whether to impose or terminate a term of supervised release, the court is *not* directed to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *United States v. Balthazard*, No. 1:15-cr-10185, Doc. No. 15, at p. 3 (D. Mass. Jan. 15, 2019) (cleaned up) (citing 18 U.S.C. § 3553(a)(2)(A) and 18 U.S.C. § 3583(e) (omitting 18 U.S.C. § 3553(a)(2)(A) from the list of factors to be considered in modifying or terminating supervised release)). Supervised release is imposed (and terminated) with an eye toward rehabilitation and safety of the community, *not* punishment. *Id.* at 4; *see also United States v. Johnson*, 529 U.S. 53, 59 (2000).

After considering Whales's motion and the § 3553(a) factors, the Court finds that termination of his supervised release is warranted by his conduct and in the interest of justice. Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Jamon D. Whales (Doc. 60) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

**DATED: October 27, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**